25 F.3d 1048
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Thomas GARMAN, (92-2110), Plaintiff-Appellant,
v.
John C. DOUGHERTY, and Paul Borock, Defendant-Appellees;
Daniel GARMAN, (92-2131), Plaintiff-Appellant,
v.
John BACHA, Defendant-Appellee;
Daniel GARMAN, (92-2229/2230), Plaintiff-Appellant,
v.
John C. DOUGHERTY, Paul Borock, Dougherty, Schneider and
Miller, P.C., Mark R. Pickens, John Cichowicz,
Sherwood A. Crump, City of Pontiac,
Leonard Frania, Defendants-Appellees.
 Nos. 92-2110, 92-2230, 92-2131 and 92-2229.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1994.
 
 Before: KEITH, RYAN, and DAUGHTERY; Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 These related appeals challenging the district court's various orders imposing sanctions under Rule 11 of the Federal Rules of Civil Procedure arise from William E. Dalby's bankruptcy case.
 
 I.
 
 2
 During the pendency of Dalby's bankruptcy proceedings, Paul Borock, the bankruptcy trustee, discovered that Dalby had fraudulently transferred property from his estate to trusts set up for the benefit of his family. Borock asserted that the trusts were shams and sought, through his attorney John Dougherty, to have the property returned to the estate. The bankruptcy court agreed and ordered the property returned; that order was appealed to this court and we affirmed. In re Dalby, 1992 U.S. LEXIS 3536 (Feb. 26, 1992).
 
 
 3
 Subsequently, several United States Marshals--Mark Pickens, John Cichowicz, and Sherwood Crump--assisted by Borock's attorney Dougherty, served a writ of execution for some of the real property Dalby had transferred, located in Pontiac, Michigan. Apparently, Leonard Frania, a Pontiac police officer, assisted in the transfer of the property to Borock.
 
 
 4
 Enter the Garmans.
 
 A. No. 92-2229
 
 5
 Daniel Garman, as trustee of the Owners Family Preservation, filed suit in Michigan state court seeking to recover possession of the property under a lease agreement. Garman sued the bankruptcy trustee Borock, Borock's lawyer Dougherty, U.S. Marshals Pickens, Cichowicz, Crump, and the City of Pontiac along with one of its police officers, Leonard Frania. Garman sought to nullify the bankruptcy court's order and to secure damages from the U.S. Marshals for executing the writ.
 
 
 6
 The case was removed to the federal district court which, in due course, granted summary judgment for the defendants. The district court concluded that "Garman may have brought this suit simply to harass defendants," and ordered Garman to show cause "why the Court should not sanction him under Rule 11 of the Federal Rules of Civil Procedure for bringing a frivolous lawsuit." After Garman failed to appear at the show cause hearing, the defendants submitted itemized statements of their attorneys' fees in defending the suit. The district court then awarded sanctions:
 
 
 7
 After carefully reviewing the documents submitted, the Court finds that defendants Deputy United States Marshals Mark R. Pickens, John Cichowicz, and Sherwood A. Crump reasonably incurred $1,800.00 in attorneys' fees and costs in defending this case, and that an award of such reasonable fees and costs will serve as an appropriate deterrent to any further abuse of the judicial process by plaintiff.
 
 
 8
 After carefully reviewing the documents submitted, the Court finds that defendants Paul Borock, John C. Dougherty, and Dougherty, Schneider & Miller, P.C. reasonably incurred $3,608.60 in attorneys' fees and costs in defending this case, that defendants City of Pontiac and Leonard Frania reasonably incurred $3,330.00 in attorneys' fees in defending this case, and that an award of such reasonable fees and costs will serve as an appropriate deterrent to any further abuse of the judicial process.
 
 
 9
 Daniel Garman now appeals the district court's sanction.
 
 B. No. 92-2230
 
 10
 Daniel Garman, through his attorney Robert L. Collins, then moved for reconsideration and moved for sanctions against the defendants. The district court denied the motion and ordered Garman and Collins each to pay to the United States government $500 as a sanction for bringing a frivolous motion.
 
 
 11
 Inasmuch as this Court's previous ruling did not appear to satisfy plaintiff as to the seriousness of his continued misconduct, he is hereby ORDERED to pay to the United States $500 as a sanction for bringing this frivolous motion. Fed.R.Civ.P. 11. Mr. Robert Collins, the attorney allegedly acting on behalf of the plaintiff, and the signatory on said motion, is also ORDERED to pay $500 to the United States.
 
 
 12
 Robert Collins now appeals the district court's order imposing sanctions against him.[1]
 
 C. No. 92-2110
 
 13
 Daniel Garman's father, Thomas Garman, acting as the trustee of the S.V.F. Family Preservation Trust, sued Borock and Dougherty alleging that the trust he represented held an interest in some of the property Borock recovered for the bankrupt estate. Garman brought the suit in state court, and the defendants removed it to federal court. The district court granted summary judgment for Borock and Dougherty, and ordered Garman to appear before the court to show cause why he should not be sanctioned under Rule 11 for bringing a frivolous suit. Garman did not appear, and the court found that "Paul Borock and John C. Dougherty reasonably incurred $1,959.00 in attorneys' fees in defending this case, and that an award of such reasonable fees will serve as an appropriate deterrent to any further abuse of the judicial process by the plaintiff."
 
 D. No. 92-2131
 
 14
 As trustee of the S.V.F. Family Preservation Trust, Thomas Garman also sued John Bacha, who had been hired by Borock to clean the property recovered by the bankruptcy trustee. Garman sued in state court alleging conversion; Bacha removed the case to federal district court.[2] The district court entered summary judgment for the defendant, and ordered Garman to show cause why sanctions should not be imposed under Rule 11. Garman failed to appear, and the district court ordered Garman to pay Bacha's attorneys' fee of $2,918.78 as a sanction "for bringing this completely groundless lawsuit."
 
 II.
 
 15
 Thus, we have four appeals in which the Garmans--father and son--and Collins challenge the appropriateness of Rule 11 sanctions in their respective cases. The Garmans and Collins argue that the district court abused its discretion in imposing Rule 11 sanctions without making detailed findings of fact and conclusions of law.
 
 
 16
 Rule 11 confers the authority upon a federal court to impose sanctions when a party has filed a frivolous pleading, motion or other paper. Bodenhamer Bldg. Corp. v. Architectural Research Corp., 873 F.2d 109, 115 (6th Cir.1989) (Bodenhamer I ). Rule 11 applies to any individual, whether an attorney, representative or other entity or person, who signs a pleading in violation of the rule.[3] The district court has broad discretion in deciding whether a pleading has been signed in violation of Rule 11, Orlett v. Cincinnati Microwave, Inc., 954 F.2d 414, 419 (6th Cir.1992), but when the court finds a violation, it must impose a sanction. INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 401 (6th Cir.), cert. denied, 484 U.S. 927 (1987). In Bodenhamer I, we held:
 
 
 17
 [B]efore a district court awards an attorney fee, Rule 11 requires a finding that the recoverable fee was induced by the filing of a sanctionable pleading. "[A] district judge faced with a sanction motion must make certain findings determining that an award is appropriate. Careful analysis and discrete findings are required, no matter how exasperating the case."
 
 
 18
 873 F.2d at 114 (citation omitted). We recently reiterated that "a trial court must 'analyze the impact upon [the moving party] of discrete acts of claimed misconduct.' " Bodenhamer Bldg. Corp. v. Architectural Research Corp., 989 F.2d 213, 218 (6th Cir.1993) (Bodenhamer II ) (quoting In re Ruben, 825 F.2d 977, 990 (6th Cir.1987), cert. denied, 485 U.S. 934 (1988). However, a district court is not required to hold a hearing before imposing sanctions, and the absence of a party does not preclude the district court from making specific and meaningful findings. See Dodds Ins. Services v. Royal Ins. Co. of Am., 935 F.2d 1152, 1160 (10th Cir.1991).
 
 
 19
 After carefully studying the record in each one of these cases, we conclude that the district judge made the requisite findings in support of Rule 11 sanctions. In each case, the district court's order identified a frivolous pleading that the sanctioned party filed with the court, identified the nature of the violation, and explained how the sanction award related to the violation. No useful purpose would be served here by restating the very complete findings of fact and conclusions of law made by the district court, which we find to be entirely satisfactory to support the district court's imposition of sanctions. See Bodenhamer II, 989 F.2d at 218. Accordingly, we conclude that the district court did not abuse its discretion in imposing sanctions in these four cases.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Generally, before a district court may impose sanctions, a party must have notice and an opportunity to be heard. Ray A. Scharer & Co. v. Plabell Rubber Prods., Inc., 858 F.2d 317, 321 (6th Cir.1988). Collins' contention, however, that he had no notice that the district court might impose sanctions is unpersuasive. As Garman's attorney, Collins should have known that (1) the district court had previously ordered a show cause hearing on the issue of sanctions, (2) Garman failed to appear, and (3) the district court found Garman's suit frivolous and imposed sanctions. On these facts, Collins should have known that the district court would view a motion for sanctions against the defendants as frivolous
 
 
 [2]
 Garman contends that the district court lacked jurisdiction to impose sanctions because the case was improperly removed from Michigan state court. The record indicates, however, that the notice of removal was proper under 28 U.S.C. Sec. 1441. Likewise, when a party undertakes affirmative action in federal district court, that party acquiesces to federal jurisdiction and waives any objection to removal. Lanier v. American Bd. of Endodontics, 843 F.2d 901, 904-05 (6th Cir.), cert. denied, 488 U.S. 926 (1988). Garman acquiesced to federal jurisdiction when he filed his first of many motions in federal court
 
 
 [3]
 By signing a pleading, either personally or in a representative capacity, a party places himself within the jurisdiction of the district court for purposes of Rule 11. Consequently, there is no merit to the Garmans' contention that the district court lacked jurisdiction because they signed the pleadings in question as representatives of a trust